UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRETT YELTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:25-cv-01071-MTS |
| ) | |
| ADRIENNE A. WARREN, ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on Self-Represented Plaintiff Brett Yelton's Second Application to Proceed in District Court without Prepaying Fees or Costs. Doc. [8]. Plaintiff is currently incarcerated at Potosi Correctional Center. Having reviewed the Second Application and inmate account statement, the Court will grant the Second Application and assess an initial partial filing fee of sixteen dollars ($16.00). *See* 28 U.S.C. § 1915(b)(1) (explaining calculation of initial partial filing fee).

Plaintiff shall pay the initial partial filing fee no later than **Monday**, **March 09, 2026**.[*] Failure to do so will result in the dismissal of this action without further notice. *See Walker v. Galbreth*, 382 F. App'x 522 (8th Cir. 2010) (per curiam) (affirming dismissal under Federal Rule of Civil Procedure 41(b) for failure to pay initial partial filing fee); *In re Smith*, 114 F.3d 1247, 1251 (D.C. Cir. 1997) (noting that, under the

---

[*] Plaintiff may also seek an extension of time to pay the initial partial filing fee consistent with Federal Rule of Civil Procedure 6(b). *See also* 4B *Wright & Miller's Federal Practice & Procedure* § 1165 ("Because the district court may exercise its discretion under Rule 6(b)(1) only 'for good cause,' a party must demonstrate some justification for the issuance of the extension.").

Prison Litigation Reform Act, the failure to pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1) may result in dismissal of a prisoner's action (citing *Ayo v. Bathey*, 106 F.3d 98, 101 (5th Cir. 1997) (per curiam))); *see also Hutchins v. A.G. Edwards & Sons, Inc.*, 116 F.3d 1256, 1259 (8th Cir. 1997) ("A district court has the power to dismiss a litigant's cause of action when the litigant fails to comply with the court's orders.").

After his initial payment, Plaintiff then will be required to make monthly payments in accordance with 28 U.S.C. § 1915(b)(2) until he pays the full $405 filing fee. *See Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) (per curiam) (explaining that prisoner-litigants must "pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"); *Wooten v. D.C. Metro. Police Dep't*, 129 F.3d 206, 207 (D.C. Cir. 1997) (explaining that "unlike other plaintiffs," prisoners "always must pay in full").

One more issue needs to be addressed. Plaintiff again filed a Motion for Appointment of Counsel. Doc. [7]; *see also* Doc. [2] (first Motion for Appointment of Counsel, which the Court denied). Once again, Plaintiff failed to complete the form motion in its entirety. *Id.* And, in any event, he has once again failed to establish that appointed counsel is appropriate at this stage in this case. *See Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (discussing the "relevant factors" a district court should consider when "determining whether to appoint counsel for an indigent civil litigant"); *see also Carter v. Broward Cnty. Sheriff's Dep't Med. Dep't*, 558 F. App'x 919, 923

(11th Cir. 2014) (per curiam) (noting that a district court should only appoint counsel to an indigent plaintiff "in exceptional circumstances").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Second Application to Proceed in District Court without Prepaying Fees or Costs, Doc. [8], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff must pay an initial partial filing fee of sixteen dollars ($16.00) no later than **Monday**, **March 09, 2026**. Plaintiff shall make his remittance payable to "Clerk, United States District Court," and include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FINALLY ORDERED** that Plaintiff's Second Motion for Appointment of Counsel, Doc. [7], is **DENIED** without prejudice.

Dated this 6th day of February 2026.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE