**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| BRETT YELTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:25-cv-01071-MTS |
| | ) | |
| ADRIENNE A. WARREN, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM OPINION</u>**

This matter is before the Court on review, pursuant to 28 U.S.C. § 1915A(a), of *pro se* Plaintiff Brett Yelton's First Amended Complaint, Doc. [6].   After taking Plaintiff's well-pleaded factual allegations "as true" and granting "all reasonable inferences" in his favor, *see Lustgraaf v. Behrens*, 619 F.3d 867, 872–73 (8th Cir. 2010), the Court concludes that he has failed to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1).

*

While serving a life sentence in Potosi Correctional Center for first degree assault and abuse of a child,[1] Plaintiff's luncheon in the "chow hall" was ruined when Defendant Lt. Adrienne Warren insulted Plaintiff, telling him that he was "not a man" but rather was "a pussy" with "a little dick."  Doc. [6] at 3.  Plaintiff alleges that the Lieutenant later had Plaintiff "fired" from his prison job by writing a conduct violation claiming that it was Plaintiff who said "multiple profane and inappropriate things" to the Lieutenant, which

---

[1] *See State v. Yelton*, 12WE-CR00620-01 (Webster Cnty., Mo. Cir. Ct.); *see also Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005) (discussing judicial notice).

Plaintiff denies. *Id.* Plaintiff claims that Defendant's "actions and words" have had a "negative effect" on Plaintiff's "mental health" and "psychological well being." *Id.* Even if true, Plaintiff's allegations do not state a claim upon which relief may be granted.

*First*, Defendant's alleged taunts, however vulgar and unprofessional, simply do not amount to a constitutional violation—no matter how much the name calling hurt Plaintiff's feelings. *See Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) ("Name calling is not a constitutional violation."); *accord McBride v. Deer*, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001); *Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir. 1987) (Posner, J.). *Second*, a prison official's filing of a false conduct violation against a prisoner does not violate the Constitution unless it was done in retaliation for certain protected conduct by the prisoner or unless the prisoner is not provided an opportunity to be heard and to defend against the allegedly falsified violation. *See Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989); *Sanders v. Hobbs*, 773 F.3d 186, 190 (8th Cir. 2014); *Smith v. Mensinger*, 293 F.3d 641, 654 (3d Cir. 2002) ("[M]ere allegations of falsified evidence or misconduct reports, without more, are not enough to state a due process claim." (citing *Freeman v. Rideout*, 808 F.2d 949, 953 (2d Cir. 1986))). *See also* Doc. [6-1] at 2–7 (Plaintiff's grievance exhibits showing his objections were heard at multiple levels). For these reasons alone, Plaintiff's claims fail.

Plaintiff's action has other problems, though, too. Plaintiff has no liberty interest in his prison job; therefore, his firing could not have violated the Due Process Clause. *See Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997); *accord James v. Quinlan*, 866 F.2d 627, 629 (3d Cir. 1989); *Gilbreath v. Clark*, 193 F. App'x 741, 743 (10th Cir. 2006).

And, as to the negative effects Defendant's alleged conduct supposedly has had on Plaintiff's mental health, federal law is clear that prisoners may not bring a civil action "for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of title 18)." 42 U.S.C. § 1997e(e); *see also Royal v. Kautzky*, 375 F.3d 720, 723 (8th Cir. 2004).

*   *   *

"Not every unfortunate incident that occurs in life, not every discomfort, [and] not every disagreement among people and/or corporations, gives rise to a cause of action." *Syed v. Frontier Airlines, Inc.*, 522 F. Supp. 3d 503, 514 (E.D. Mo. 2021) (quoting *Lee v. Gen. Motors Corp.*, 950 F. Supp. 170, 175 (S.D. Miss. 1996) (Pickering, J.)).  This principle applies with particular force where routine prisoner gripes are cast as constitutional claims under 42 U.S.C. § 1983.  *Cf. Gregory v. City of Rogers*, 974 F.2d 1006, 1009 (8th Cir. 1992) (en banc) (noting that many harms, even when caused by a state actor, do not fall within the scope of § 1983, which did not make "the Fourteenth Amendment into a font of tort law").  For at least the reasons explained above, Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.  The Court therefore must dismiss it, 28 U.S.C. § 1915A(a), and will enter herewith an Order of Dismissal doing so.

Dated this 24th day of June 2026.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

- 3 -